OSCN Found Document:ALLSTATE v. HON. LARA RUSSELL and WEDIN AND UTZIG

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 ALLSTATE v. HON. LARA RUSSELL and WEDIN AND UTZIG
2025 OK 79
Case Number: 123377
Decided: 11/03/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 79, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Petitioner,
v.
THE HONORABLE LARA RUSSELL, Respondent,
and
LAURIE WEDIN AND THOMAS R. UTZIG, Real Parties in Interest.

ORDER

Original jurisdiction is assumed. Okla. Const. art. VII, § 4. A writ of prohibition is issued to Rogers County District Court Judge Lara Russell, or any other assigned judge, in Laurie Wedin and Tom Utzig v. Allstate Vehicle and Property Insurance Company, No. CJ-2023-181 (Rogers County), barring the enforcement of the July 25, 2025 Decision and Order on Redaction of Personal Identifiers.

The issue here is whether nonparty insureds' addresses can be disclosed in claims files produced by Petitioner Allstate Vehicle and Property Insurance Company. In this case, the district court ordered that certain information in the claims file be redacted for privacy reasons, including the policyholder's name, other insureds' names, banking information, telephone number, social security numbers, email addresses, and any medical information. However, the court ordered the addresses of the nonparty insureds who made the claims within the files at issue be produced.

The District Court for the Western District of Oklahoma addressed similar issues in two separate cases that are instructive here. In Fullbright v. State Farm Mut. Auto. Ins. Co., the plaintiffs sought the production of materials related to complaints of other insureds concerning uninsured motorist claims. The court agreed with the defendant insurance company that the request for documents was too broad because the information contained identities of the insureds who were not involved in the litigation. The court noted that the nonparty insureds had a privacy right as to the information maintained by their insurers, and the insurance company could face restrictions on the disclosure of that information, unless ordered by the court. CIV-09-297-D, 2010 WL 300436, at *5 (W.D. Okla. Jan. 20, 2010) (citing 15 U.S.C. § § 6801, 6802(e)(8), 6807). The court concluded that the document request, if narrowed in scope, may lead to the discovery of evidence admissible at trial. However, it held that "to preserve the privacy of those complainants, [the insurance company] shall redact the complainants' names, addresses, and other identifying information from the documents." Id. at *6.

In another case from the Western District, Jones v. Farmers Ins. Co., Inc., the plaintiffs sought the identification of the nonparty insureds--by name, address and telephone number--whose claims for a new roof were denied by the defendant insurance company within the last five years. The court held that although the denied claims themselves might be relevant, the plaintiffs had not shown the relevance of the names, addresses, and telephone numbers of policyholders. The court explained that the evidence of harm to third parties may be relevant and admissible for purposes of showing the reprehensibility of the insurance company's conduct because "conduct that risks harm to many is likely more reprehensible than conduct that risks harm to only a few." CIV-11-159-R, 2012 WL 12863976, at *3 (W.D. Okla. Feb. 29, 2012) (citing 23 O.S. § 9.1A(1), Philip Morris USA v. Williams, 549 U.S. 346, 357 (2007)). Thus, the court concluded while the existence of a pattern or practice by the insurance company is relevant and admissible on the issue of reprehensibility, harm to individual third parties resulting from the insurance company's conduct was not. Id.

We agree with these cases that the relevance of insurance companies' claims files is to the pattern or practice of the insurance company, rather than the identity of nonparty insureds. When nonparty insureds have not consented to any disclosure, they have a reasonable expectation that the insurer will keep their information private. Disclosing the addresses of policyholders would, at a minimum, reveal the identities of the nonparty insureds. Just as the district court determined that nonparty insureds' names should remain confidential for privacy reasons, the same applies to their addresses.

The Real Parties in Interest's purported need for the nonparty insureds' addresses must be weighed against the privacy interest of these insureds. Ultimately, this balance favors protecting the identities of the nonparty insureds. The addresses of Petitioner's non-party insureds within the claim files cannot be disclosed to Real Parties in Interest Laurie Wedin and Thomas R. Utzig. However, Petitioner's claim files at issue may be produced with proper redactions to personal identifiers, including residential addresses. Hammond v. Lyndon S. Ins. Co., CIV-19-245-D, 2019 WL 6118269, at *3 (W.D. Okla. Nov. 18, 2019) (allowing for redactions of policyholders' names and personal identifiers). All other relief sought by Petitioner is denied.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THE 3RD DAY OF NOVEMBER, 2025.

 

                                            /S/____________________________

                                           CHIEF JUSTICE

 

ALL JUSTICES CONCUR.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105